IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


BON SCOTT MCELROY                                                    PLAINTIFF


v.                                           CIVIL NO. 25-3070


FRANK BISIGNANO, Commissioner
Social Security Administration                                       DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Bon Scott McElroy, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for period of disability and disability insurance benefits (DIB)

and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the

Social Security Act (Act).  In this judicial review, the court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42

U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on July 7, 2021, alleging an

inability to work since April 22, 2020, due to post-traumatic stress disorder (PTSD), anxiety,

degenerative disc disease, stress and back spasms.  (Tr. 132, 510).  An administrative telephonic

hearing was held on December 19, 2022, at which Plaintiff appeared with counsel and testified.

(Tr. 41-65).  A supplemental telephonic hearing was held on September 6, 2023. (Tr. 66-86).

In a written decision dated October 13, 2023, the ALJ determined Plaintiff retained the

residual functional capacity (RFC) to perform light work with limitations. (Tr. 187-204). On July

25, 2024, the Appeals Council vacated the ALJ's decision dated October 13, 2023, and remanded

Plaintiff's case back to the ALJ to issue a new decision. (Tr. 210-213). A second supplemental video hearing was held on February 5, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 87-130).

By written decision dated June 23, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis/degenerative disc disease of the thoracic and lumbar spine/lumbosacral spondylosis, osteoarthritis, chronic pain syndrome, migraines, unspecified depressive disorder, and unspecified anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb, balance, stoop, kneel, crouch and crawl and he must avoid concentrated exposure to temperature extremes, humidity, wetness, vibration, noise, i.e., no jobs with a noise rating higher than 3/moderate per the Dictionary of Occupational Titles (DOT), and due to potential side effects of prescribed medications, hazards, i.e., no work at unprotected heights, no work around dangerous unprotected moving machinery. He can further understand, remember and carry out simple instructions, can use judgments to make simple work-related decisions, can have occasional interactions with supervisors, coworkers and the public, and can deal with occasional changes in a routine work setting.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a mail sorter, an office helper, and a merchandise marker. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 21, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ erred by failing to find Plaintiff meets the medical equivalency standard for a mental disorder under Listings 12.06. 12.07, and 12.15; and Listing 1.16 for his lumbar spinal stenosis; 2) The ALJ failed to give appropriate weight to Plaintiff's subjective complaints; 3) The ALJ erred in determining Plaintiff's RFC; 4) The ALJ erred in the application of the relevant Code of Federal Regulations; and 5) The ALJ's Step Five findings are not supported by the record. (ECF No. 11). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in

evaluating his impairments under Listings 1.16, 12.04, 12.06, and 12.07. (ECF No. 11, pp. 4-5). Plaintiff has the burden of demonstrating his impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants, Plaintiff's subjective complaints, witness statements, and his medical records when he determined Plaintiff could perform light work with limitations. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a mail sorter, an office helper, and a merchandise marker. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

Finally, in making the disability determination, the record shows the ALJ considered the U.S. Department of Veterans Affairs (VA) decision to award disability benefits. (Tr. 30). The ALJ should consider the VA's finding of disability, *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir.1998), but the ALJ is not bound by the disability rating of another agency when he is evaluating whether

4

the claimant is disabled for purposes of social security disability benefits. *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 29th day of May 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE